**Rich X. JINKS, Plaintiff–Appellant,**

v.

**UNITED STATES of America; John Ashcroft; Kathleen Hawk Sawyer, Defendants–Appellees.**

**No. 02–5061.**

United States Court of Appeals, Sixth Circuit.

June 25, 2002.

Before CLAY and GILMAN, Circuit Judges; and HAYNES, District Judge.*

*ORDER*

Rich X. Jinks appeals pro se from a district court judgment that dismissed his civil rights case, filed under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Jinks alleged that his rights will be violated by the implementation of the DNA Analysis Backlog Elimination Act of 2000 ("the Act"), which requires the Director of the Bureau of Prisons to collect DNA samples from federal inmates who have been

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

convicted of certain crimes. *See generally* 42 U.S.C. § 14135a. The district court dismissed Jinks's case on November 6, 2001, because he had not exhausted the administrative remedies that were available to him. *See* 42 U.S.C. § 1997e(a). It is from this judgment that he now appeals.

A *de novo* review of the record shows that dismissal was appropriate. Jinks now argues that he was not subject to the administrative exhaustion requirement because his claim did not involve "prison conditions" within the meaning of § 1997e(a). This argument is unpersuasive in light of our court's holding that the scope of the exhaustion requirement is determined by the definition of a "civil action with respect to prison conditions" that is set out in 18 U.S.C. § 3626(g)(2). *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir.1999). Jinks' claim falls within this definition because the Act plainly contemplates that prison officials will collect DNA samples from certain prisoners while they are incarcerated. *See* 42 U.S.C. § 14135a. Moreover, the Supreme Court has now held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.